**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4760
_____

DAVID GLENN LIEPE;
JOOYEON LIEPE,
                                        Appellants

v.

ARNOLD GLENN LIEPE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 12-cv-00040)
District Judge:  Honorable Robert B. Kugler
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 15, 2014
Before:  HARDIMAN, NYGAARD and ROTH, Circuit Judges

(Opinion filed: July 16, 2014)
_____

OPINION
_____

PER CURIAM

        Appellant David Liepe and his spouse, Jooyeon Liepe, appeal the District Court's

order granting Appellee Glenn Liepe's motion to dismiss.  For the reasons below, we will

affirm the District Court's judgment.

The procedural history of this case and the details of Appellants' claims are well known to the parties and need not be discussed at length. Briefly, Appellants filed a lawsuit seeking to compel Appellee, David Liepe's father, to honor his alleged contractual obligations as a co-sponsor of Jooyeon Liepe's immigration petition.[1] In August 2013, Appellants signed a settlement agreement and accepted and cashed a check in the amount of $7000. By order entered August 19, 2013, the District Court dismissed the case without prejudice to reopening if the settlement was not consummated. Appellants affixed their notarized signatures to the release and electronically signed a stipulation of dismissal. But Appellants refused to physically sign the stipulation of dismissal.[2] Out of an abundance of caution, Appellee filed a motion to dismiss the case with prejudice pursuant to Fed. R. Civ. P. 41(b) based on the settlement agreement. The District Court granted the motion, and Appellants filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review over the District Court's enforcement of the settlement agreement. Tiernan v. Devoe, 923 F.2d 1024, 1031-32 (3d Cir. 1991).

---

[1] The record includes an email in which Appellant David Liepe represents to Appellee that Appellee's support obligation would end upon Jooyeon Liepe becoming a legal permanent resident – which occurred in January 2010. Because the parties have settled the matter, we need not reach the issue of whether this statement voids or limits any contractual obligation on the part of Appellee.

[2] Local Rules require pro se filers to physically sign documents filed with the District Court. Local Civil Rules of the United States District Court for the District of New Jersey, Rule 5.2 ¶ 12.

2

Appellants appear to believe that they are entitled to have their living and educational expenses paid by Appellee for an extended period of time. However, we need not reach this question because Appellants agreed to the settlement. Appellants do not dispute that they settled the matter. Rather, they argue that the settlement was entered under economic duress and undue influence, and that it violates public policy. They claim that because Appellee did not meet his support obligations and the District Court did not grant them relief, they had no other alternative but to settle.

That Appellants might have needed the settlement more than Appellee does not constitute bad faith negotiations. Phillips v. Allegheny County, Pa., 869 F.2d 234, 239 (3d Cir. 1989). None of Appellants' allegations rises to the level of coercion or undue influence. As for public policy, the settlement agreement explicitly states that it does not bar any future claim or lawsuit by a public entity against Appellee. Moreover, Appellant Jooyeon Liepe may still seek support from her sponsor and spouse, Appellant David Liepe.

The District Court did not err in dismissing the matter based on the settlement agreement. Because the parties settled, we need not reach the issue of whether the District Court erred in denying Appellant's motion for partial summary judgment before the settlement.

For the reasons above, we will affirm the District Court's judgment.